# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1475-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

G.F.,

    Defendant-Appellant.

_____

Argued February 3, 2022 – Decided February 16, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-03-0312.

Allan Marain argued the cause for appellant.

Michele C. Buckley, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant G.F.[1] appeals from the December 22, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Union County grand jury charged defendant in an eight-count indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(3) (count two); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (count three); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4) (count four); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (count five); two counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (counts six and seven); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count eight). State v. G.F., No. A-2198-12 (App. Div. June 2, 2014) (slip op. at 1-2). "The charges resulted from allegations that defendant engaged in repeated instances of sexual conduct with his daughter[, S.F.]." Id. at 2.

S.F. testified that defendant sexually assaulted her numerous times while she "was between ages thirteen and sixteen." Ibid. S.F. stated "defendant initially touched her breasts and vaginal area three to four times, and that the

---

[1] We use initials to identify defendant and the victim pursuant to Rule 1:38-3(c)(9).

abuse then progressed to sexual intercourse on approximately thirty occasions." Ibid.

After S.F. disclosed the assaults to her family, she "agreed to participate in [several] consensual intercept telephone call[s] with defendant, that the police simultaneously recorded." Id. at 4-6. The State played these calls to the jury at the trial. Ibid.

The State also presented the testimony of a psychologist, Susan Cohen Esquilin. Esquilin testified as an expert in the areas of child sexual abuse and Child Sexual Abuse Accommodation Syndrome (CSAAS), which "describe[s] traits found in victims of such abuse to aid jurors in evaluating specific defenses." State v. G.E.P., 243 N.J. 362, 369 (2020) (quoting State v. J. Q., 130 N.J. 554, 556 (1993)).

The jury convicted defendant of all eight counts of the indictment. G.F., (slip op. at 1-2). The trial court sentenced defendant to an aggregate twenty-three-year prison term, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 2. On June 2, 2014, we affirmed defendant's conviction and sentence. Id. at 7.

Defendant filed a PCR petition and raised two contentions. First, defendant argued his trial attorney provided him with ineffective assistance

because he did not make a motion to suppress the recorded telephone calls the State obtained through the consensual intercepts. According to defendant, there was no evidence in the record that the intercepts were authorized by the Attorney General, the county prosecutor, or their designees as required by N.J.S.A. 2A:156A-4(c).[2]

In response, the State submitted a copy of a November 23, 2009 Consensual Interception Authorization form signed by the Union County First Assistant Prosecutor, who advised the court at oral argument on defendant's PCR petition that he was the prosecutor's designee for such matters and had authorized the intercepts involved in this case. Defendant presented no evidence or certifications disputing the accuracy of the form and, therefore, the trial court

---

[2] Under the New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 to -37, it is not unlawful for

> "[a]ny person acting at the direction of an investigative or law enforcement officer to intercept a[n] . . . oral communication, where such person is a party to the communication . . . provided, however, that no such interception shall be made without the prior approval of the Attorney General or his designee or a county prosecutor or his designee[.]"
>
> [N.J.S.A. 2A:156A-4(c).]

rejected defendant's contention that his trial attorney should have challenged the admissibility of the recorded calls.

Defendant's second contention concerned the admission of the CSAAS testimony at trial. On July 31, 2018, our Supreme Court held that CSAAS evidence "no longer . . . has a sufficiently reliable basis in science to be the subject of expert testimony[,]" and limited such testimony to "only one aspect of the theory -- delayed disclosure -- because scientists generally accept that a significant percentage of children delay reporting sexual abuse." State v. J.L.G., 234 N.J. 265, 272 (2018). The Court applied this new rule to the defendant in the J.L.G. case and found that the admission of the CSAAS evidence was harmless error "in light of overwhelming proof of [the] defendant's guilt." Id. at 308. However, the Court did not determine whether its decision should apply retroactively to any other defendants. G.E.P., 243 N.J. at 385-86.

In his January 27, 2020 PCR petition, defendant argued that based upon the new rule the Supreme Court established in J.L.G., the admission of Esquilin's CSAAS testimony deprived him of his constitutional right to a fair trial. However, on August 5, 2020, our Supreme Court rendered its decision in G.E.P., which held that its July 31, 2018 ruling in J.L.G. would only have "'pipeline retroactivity,' rendering it applicable in all future cases, the case in which the

rule [was] announced, and any cases still on direct appeal" on the date of its decision. G.E.P., 243 N.J. at 386, 388-89.

In its oral decision, the trial court found that Esquilin's testimony comported with the rules governing CSAAS testimony at the time of defendant's trial in 2012. Because defendant exhausted his direct appeal rights in this case on June 2, 2014, G.F., (slip op. at 1), the court concluded that the new J.L.G. rule barring this testimony did not retroactively apply to defendant. Accordingly, the court denied defendant's PCR petition.

On appeal, defendant raises the same contentions he unsuccessfully presented to the trial court. Defendant argues:

> POINT ONE
>
> THE STATE RELIED UPON INADMISSIBLE CONSENSUAL OVERHEAR EVIDENCE THAT TRIAL COUNSEL FAILED TO CHALLENGE.
>
> A. CONSENSUAL OVERHEAR EVIDENCE IS ADMISSIBLE ONLY WHEN PARTICULAR CONDITIONS ARE MET.
>
> B. THE PROOFS FAIL TO ESTABLISH SATISFACTION OF THE REQUIRED CONDITIONS.

6

POINT TWO

THE STATE'S RELIANCE UPON UNRELIABLE CSAAS EVIDENCE CONSTITUTED A DENIAL OF DUE PROCESS.

A. THE CSAAS EVIDENCE SHOULD HAVE BEEN EXCLUDED UNDER STATE LAW.

B. THE CSAAS EVIDENCE DENIED [DEFENDANT] DUE PROCESS UNDER THE UNITED STATES CONSTITUTION.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues

7

necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007).

Applying these standards, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the trial judge's oral

opinion. We discern no abuse of discretion in the court's consideration of the issues, or in its decision to deny the petition without an evidentiary hearing.

The court correctly rejected defendant's claim that his trial attorney should have filed a motion to suppress the recorded telephone conversations because the State did not obtain the required authorization for the consensual intercepts. The State submitted the November 23, 2009 Consensual Interception Authorization form signed by the Union County prosecutor's designee. Therefore, a motion to suppress the recordings would not have succeeded. Ibid.

Defendant speculates it was possible the prosecutor may have "intend[ed] to designate" his first assistant for this role but "then neglect[ed] to consummate the designation[,]" or that the designation may have expired sometime before the date the first assistant authorized the intercepts. However, a defendant must establish the right to PCR by a preponderance of the evidence, Preciose, 129 N.J. at 459, and must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170. Here, defendant presented no first-hand certifications concerning his allegation that the intercepts were not properly authorized. Thus, defendant's unsupported contentions were classic "bald assertions" that did not warrant an evidentiary hearing or PCR relief. Ibid.

Finally, defendant exhausted his rights on direct appeal on June 2, 2014, over four years before the Supreme Court's July 31, 2018 decision in J.L.G. Therefore, the new rule the Court established in that case, which barred CSAAS testimony in specified circumstances, plainly did not apply to defendant. Under these circumstances, the trial court properly determined that the admission of the CSAAS testimony at defendant's trial in 2012 did not deprive him of his constitutional right to a fair trial.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1475-20